# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

Jacqueline Mills,                    )
                                     )        No. 9:20-cv-1403-DCN-MHC
                Plaintiff,           )
                                     )
        vs.                          )
                                     )        **ORDER**
KILOLO KIJAKAZI, Acting Commissioner )
of Social Security,[1]               )
                                     )
                Defendant.           )
_____)

This matter is before the court on Magistrate Judge Molly H. Cherry's Report and Recommendation ("R&R") that the court affirm the Commissioner of Social Security's ("Commissioner") decision denying claimant Jacqueline Mills' ("Mills") application for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

### A.  Procedural History

Mills filed an application for DIB on June 27, 2016 and an application for SSI on July 18, 2016, alleging a disability onset date of August 20, 2015 in both applications. The Social Security Administration ("the Agency") denied Mills' applications initially on August 16, 2016 and upon reconsideration on January 12, 2017. On February 10, 2017, Mills requested a hearing before an Administrative Law Judge ("ALJ"), and ALJ

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is automatically substituted for Andrew Saul, former Commissioner, as the defendant in this lawsuit.

Nicholas Walter presided over a hearing held on December 11, 2018, at which Mills and a vocation expert ("VE") testified.  ECF 15-1 at 36.  In a decision issued on March 6, 2019, the ALJ determined that Mills was not disabled within the meaning of the Act. ECF No. 15-1 at 16.  The Appeals Council denied Mills' timely request for review on February 20, 2020, ECF No. 15-1 at 5, making the ALJ's decision the final decision of the Commissioner.

On April 14, 2020, Mills filed this action seeking review of the ALJ's decision. ECF No. 1.  Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was assigned to Magistrate Judge Cherry, who issued the R&R on May 10, 2021, recommending that this court affirm the ALJ's decision.  ECF No 23.  Mills filed an objection to the R&R on June 2, 2021, ECF No. 26, to which the Commissioner responded on June 16, 2021, ECF No. 27.  As such, the matter is now ripe for the court's review.

### B.  Medical History

The parties are familiar with Mills' medical history, the facts of which are ably recited by the R&R.  Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Mills' objections to the R&R. Mills alleges a disability onset date of August 20, 2015, at which time she was 37 years old.  Mills alleges disability due to chronic lymphedema and a right leg injury and pain resulting from a fall that required surgery in 2016.  ECF No. 15-1 at 69.  Additionally, Mills was diagnosed with tendonitis-plantar fasciitis in July 2018 and with menorrhagia, chronic endometriosis, and uterine fibroids in 2017 and 2018.  Mills testified that she is 5'7" tall, weighs 240 pounds, and has been using a cane since her leg fracture.  Mills

completed twelfth grade and has past work experience as a cashier, deliverer, and pizza maker at Little Caesar's Pizza. She allegedly stopped working at Little Caesar's Pizza because of the difficulty she was having with swelling in her legs from lymphedema and the residual effects of her leg fracture. Mills further testified that she experiences muscle spasms across the top of her shoulders and in her lower back, which causes burning and pain; difficulty bending over due to her back condition; low iron anemia; and abdominal pain due to endometriosis and fibroids.

### C. ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R.

3

§ 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Mills was disabled, the ALJ employed the statutorily required five-step evaluation process. At step one, the ALJ found that Mills had not engaged in substantial gainful activity since August 20, 2015, the alleged disability onset date. Tr. 21. At step two, the ALJ determined that Mills suffers from the following severe impairments: obesity and status post-surgical repair of a lower extremity fracture; and the following non-severe impairments: back pain, lymphedema, anemia, and endometriosis. Tr. 21–22. At step three, the ALJ found that Mills does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App'x 1. Tr. 23. Before reaching the fourth step, the ALJ determined that Mills retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR §§ 202.1567(c) and 416.967)(c). Tr. 23–28. Finally, at the fifth step, the ALJ found that Mills is capable of performing past relevant work as a cook helper. Tr. 28. Further, the ALJ found that considering Mills' age, education, work experience, and residual functional capacity, other jobs exist in significant numbers in the national economy that the claimant also can perform. Tr. 29. Therefore, the ALJ concluded that Mills was not disabled under the meaning of the Act during the period at issue. Tr. 30.

## II.  STANDARD

This court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149-50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  <u>Id.</u>  (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  <u>Id.</u>  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action."  <u>Flack v. Cohen</u>, 413 F.2d 278, 279 (4th Cir. 1969).  Further,

although the court will not reweigh the evidence considered, the Commissioner's findings

of fact are not binding where they are based on an improper legal standard. Coffman v.

Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

### III.  DISCUSSION

Mills objects to the R&R on three grounds, arguing that the Magistrate Judge

erred in finding that (1) the ALJ properly classified Mills' lymphedema and edema of her

legs and tendonitis-plantar fasciitis and edema of her feet as non-severe, (2) Mills was not

harmed by the ALJ's failure to specifically discuss statements made by her treating

orthopedist, Dr. Gregory Colbath ("Dr. Colbath"), and (3) substantial evidence supported

the ALJ's conclusion that Mills could perform medium exertional work on a regular,

sustained basis. The court addresses each objection in turn below, ultimately overruling

each.

### A.  Classification of Non-Severe Impairments

In her first objection, Mills contends that the ALJ improperly classified the

lymphedema and edema of her legs and the tendonitis-plantar fasciitis and edema of her

feet as "non-severe." In his decision, the ALJ stated:

> As to the claimant's lymphedema, the claimant has not consistently reported
> edema in the record to support her testimony as to daily occurrence of same
> [sic]. She does not wear compression stockings nor does she take any
> medications. A chest x-ray was negative []. Additionally, this has been
> noted as mild . . . .

Tr. 23 (internal citations omitted). As for the tendonitis-plantar fasciitis and edema of her

feet, the ALJ noted that, "[a]ny diagnosis, ailment, or condition not specifically set out

herein was both not severe and acute in nature or otherwise quickly resolved and was not

expected to lead to any permanent work restriction." Id. Mills argues that her own

6

testimony and trips to the emergency room are evidence that these conditions are, in fact, severe, especially when considered in combination with her leg injury and obesity.  ECF No. 26 at 1–2.  However, in so objecting, Mills raises the same arguments and relies on the same evidence that she set forth in her original brief, ECF No. 18, and that the Magistrate Judge thoroughly considered and rejected.  It is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object."  Jesse S. v. Saul, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); see Howard v. Saul, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); Nichols v. Colvin, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections).  Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge."  Heffner v. Berryhill, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).  Mill's objections state nothing more than "disagreement with [the] magistrate's suggested resolution," rather than specifically identifying any factual or legal error in the R&R.  Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  The court finds that the Magistrate Judge performed a comprehensive analysis of the record in reaching the conclusion that the ALJ properly classified Mills' lymphedema as non-severe based on substantial supporting evidence.  Because Mills has simply repeated arguments fully addressed by the Magistrate Judge, the court is not obligated to provide a de novo review,

but must only ensure that there is no clear error in the Magistrate Judge's recommendation. Finding none, the court adopts the same and overrules this objection.

### B. Dr. Colbath's Statements

As a second objection, Mills avers that the Magistrate Judge incorrectly concluded that any error in the ALJ's consideration of statements by Dr. Colbath was harmless. In her brief, Mills complained that the ALJ failed to specifically address a February 9, 2017 statement by Dr. Colbath that he "would like for [Mills] to continue weight bearing as tolerated" and "it may take six months to a year to regain full capacity with gait and strength." Tr. 401. In her reply brief, Mills further argued that this statement should have been given "great weight" or "controlling weight" under the treating physician rule. The Magistrate Judge found that "it is questionable, at best whether the statement constitutes a medical opinion" for which an ALJ must give controlling weight under the treating physician rule. ECF No. 23 at 14. The Magistrate Judge further found that Mills "failed to show how not according it great weight resulted in any error in this case." Id.

Mills objects to the R&R, arguing again that the ALJ should have given "great weight" or "significant consideration" to Dr. Colbath's statements and that his failure to do so was not harmless. Notably, Mills does not specifically object to the Magistrate Judge's determination that it was "questionable, at best" whether Dr. Colbath's statement was a "medical opinion," as defined in the Social Security Regulations. Nor does Mills otherwise argue that the Magistrate Judge should have employed the treating physician rule in her review of the ALJ's consideration of that statement. The court shares the Magistrate Judge's skepticism regarding whether the statement constitutes a medical

opinion.  And if the treating physician rule does not apply, the basis of Mills' argument that the ALJ was required to give that statement great weight or significant consideration is unclear.  Indeed, in her objections, Mills cites no authority for her proposition that the statement should have been discussed or given greater consideration.  Without any cited legal support for the objection, the court does not find that the ALJ's failure to mention Dr. Colbath's statements is an error.  "The ALJ is not required to mention every visit," Richardson v. Colvin, 2015 WL 1146129, at *2 (D.S.C. Mar. 13, 2015), and is likewise "not required to mention each specific piece of evidence contained in the record," Young v. Berryhill, 2017 WL 6352756, at *6 (N.D.W. Va. Dec. 13, 2017).  While an ALJ is certainly required to consider all the evidence in the record when making a disability determination, see 20 C.F.R. § 404.1520(a)(3), as the Magistrate Judge explained, the ALJ clearly reviewed and considered the evidence of Mills' February 9, 2017 visit to Dr. Colbath because he explicitly discusses that visit in his decision  The ALJ noted that during her exam in that visit, Mills "was in no acute distress, she had no edema in her right leg, she had some mild quad atrophy and weak straight leg raising but no crepitus with range of motion in the ankle and no tenderness . . . She was noted to have been weaned off her cane." Tr. 21 (citing Tr. 400-01).  Because the ALJ discussed and cited notes from the visit at which Dr. Colbath made the statements at issue, the court is satisfied that the ALJ reviewed and considered the same.  Of course, if the ALJ did not err in its consideration of Dr. Colbath's statement, the court need find that consideration harmless.  In any event, the court agrees with the Magistrate Judge that, had there been an error in this respect, Mills failed to show that it caused harm.  See Shinseki v. Sanders,

556 U.S. 396, 409 (2009) ("[T]he burden of showing that an [alleged] error is harmful normally falls upon the party attacking the agency's determination.").

Dr. Colbath's statements at issue do not provide a specific explanation of Mills' functional abilities. Although Dr. Colbath stated that he would like Mills to continue weight bearing "as tolerated," he does not opine on what weight Mills could actually tolerate. Moreover, as the Magistrate Judge explained, "Dr. Colbath's note reflects that he told Plaintiff it 'may' take an additional six months to a year for her to regain full capacity with her gait and strength; however, he did not establish an actual time frame." ECF No. 23 at 14. Such a speculative statement regarding Mills' recovery time cannot reasonably override other evidence in the record discussed by the ALJ that objectively tracked Mills' recovery. For example, in the same month that Dr. Colbath made this statement, Mills was noted to have a normal gait without the need for an assistive device and normal strength exams. Tr. 22, 407, 409. Furthermore, the reviewing state agency physicians, whose opinions the ALJ gave great weight, Tr. 23, considered Dr. Colbath's statement when opining that Mills could perform a range of medium work. Tr. 70, 79, 90, 101. As such, the court is satisfied that Dr. Colbath's general statements do not contradict the limitations assessed in Mills' RFC. Mills has failed to meet her burden of showing a reasonable possibility that the ALJ would have reached a contrary decision on the question of disability had he given Dr. Colbath's statement greater weight or consideration. See Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 101 (4th Cir. 2015) (noting that reversing the ALJ's decision solely because he failed to assign weight to a doctor's opinion "would be pointless" given that the RFC and the doctor's opinion were "largely consistent" and that it would be "highly unlikely, given the medical evidence of

the record, that a remand to the agency would change the [ALJ's] finding of non-disability"); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe the remand might lead to a different result"). Therefore, the court overrules the objection.

### C. RFC Assessment

Lastly, Mills objects to the Magistrate Judge's finding that the ALJ properly concluded that Mills had the RFC to perform medium exertional work on a regular and sustained basis. ECF No. 26 at 4. Specifically, Mills argues that the ALJ failed to sufficiently consider Mills' testimony that she needs to elevate her legs to manage swelling.[2]

The R&R explained that the ALJ "thoroughly discussed all of the relevant evidence and considered [Mills'] subjective complaints, treatment, objective findings, activities, and the medical opinions to formulate a well-supported RFC finding." ECF No. 23 at 16. The R&R continued to lay out the evidence of record discussed by the ALJ in detail, and the court need not repeat that discussion here. Suffice it to say that the court agrees that such evidence is substantial and supports the ALJ's determination that Mills has the RFC to perform medium exertional work with additional postural limitations. The court further finds that the ALJ sufficiently considered Mills' testimony regarding her subjective complaints. In assessing the credibility of symptom severity

---

[2] Mills also incorporates her arguments regarding the ALJ's consideration of Dr. Colbath's statements in this objection. Because the court finds that the ALJ sufficiently considered those statements, the court will not find the ALJ's RFC determination improper based on this ground.

reported in subjective complaints, consideration must be given to the entire record, including objective and subjective evidence. Mickles v. Shalala, 29 F.3d 918, 925–926 (4th Cir. 1994). The ALJ explicitly acknowledged Mills' testimony that she needed to elevate her legs. However, the ALJ explained that the medical "evidence does not reflect the level of functional restriction asserted by the claimant." Tr. 20. The ALJ explained that Mills' subjective complaints were inconsistent with her level of activity and her objective examinations related to edema. Moreover, the ALJ explained that Mills "has not consistently reported edema in the record to support her testimony as to daily occurrence of same. She does not wear compression stockings nor does she take any medications." Tr. 19. "When objective evidence conflicts with a claimant's subjective statements, an ALJ is allowed to give the statements less weight." Rholetter v. Colvin, 2014 WL 801326 (D.S.C. Feb. 27, 2014) (citing SSR 96–7p, 1996 WL 374186, at * 1 (1996)); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (noting that an ALJ may properly consider inconsistencies between a plaintiff's testimony and other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir.2001) (noting that an ALJ may consider whether claimant's activities are consistent with the allegations); Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (noting that the ALJ properly found the claimant's subjective complaints not credible when they were inconsistent with the claimant's activity level). The ALJ cited substantial evidence that conflicted with Mills' testimony as to the extent of her pain and limitations and supported the given RFC. The court therefore finds no error in the ALJ's RFC determination or treatment of Mill's subjective testimony and overrules Mills' third objection.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the Magistrate Judge's R&R and

**AFFIRMS** the decision of the Commissioner.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 3, 2021**
**Charleston, South Carolina**